UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JOE JOSEPH** | : | **DOCKET NO. 16-cv-280** |
|     **D.O.C. # 103885** | | |
| **VERSUS** | : | **JUDGE MINALDI** |
| **KEITH COOLEY** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is the application for writ of *habeas corpus* [doc. 1] filed pursuant to 28 U.S.C. § 2254 by *pro se* petitioner Joe Joseph ("Joseph"). Joseph is in the custody of Louisiana's Department of Public Safety and Corrections and is incarcerated at Allen Correctional Center in Kinder, Louisiana.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED** for want of jurisdiction.

I.
BACKGROUND

Following a jury trial in Allen Parish, Joseph was convicted of armed robbery. Doc. 1, pp. 1–2. On October 18, 1983, he was sentenced in the Thirty-Third Judicial District Court to seventy-five years' imprisonment. *Id.* at 1. He appealed to the Louisiana Third Circuit Court of Appeal, which affirmed his conviction and sentence on January 30, 1985. *State v. Joseph*, 463 So.2d 1014 (La. Ct. App. 3d Cir. 1985). The Louisiana Supreme Court denied writs on April 1, 1985. *State v.*

*Joseph*, 466 So.2d 471 (La. 1985). Joseph did not seek further direct review of his conviction in the United States Supreme Court. Doc. 1, p. 2.

Following an unsuccessful application for post-conviction relief in state court, Joseph filed his first petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 with this court on December 30, 2004. *Joseph v. Cain*, 2:04-cv-2612 (United States District Court, Western District of Louisiana), doc. 1. Therein he attacked the same conviction that he is attacking in the instant petition. On March 23, 2005, this court recommended denial of the *habeas* petition as untimely. *Id.* at doc. 6, p. 8. A judgment dismissing the case with prejudice was filed on May 16, 2005. *Id.* at doc. 8. His request for a Certificate of Appealability was denied by the United States Fifth Circuit Court of Appeals on August 6, 2014, for want of prosecution. *Id.* at doc. 16.

Joseph filed a second PCR in the Thirty-Third Judicial District Court on June 15, 2014, which was denied as untimely on July 18, 2014. Doc. 1, p. 3–4; doc. 1, att. 3, p. 1. He then sought review in the Third Circuit. Doc. 1, att. 3, pp. 44–51. Finding "no error in the trial court's ruling of July 18, 2014," the Third Circuit denied relief on January 28, 2015. *Id.* at 52. Joseph filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court, which application was denied on November 30, 2015, with the court noting that "the application was not timely filed in the district court, and relator has failed to carry his burden to show that an exception applies. La. C. Cr. P. art. 930.8; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So. 2d 1189." *Id.* at 65–66.

The instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 was signed by Joseph on February 4, 2016 [doc. 1, p. 15], post-marked on February 26, 2016 [doc. 1, att. 5, p. 1], and received by the court and filed on February 29, 2016.  In this application Joseph claims that: (1) he was denied due process and a fair trial as the prosecutor suppressed impeachment

information; (2) his arrest was illegal; (3) any statements or confessions made pursuant to the illegal arrest are invalid; and (4) he was denied effective assistance of counsel at pre-trial, trial, and on appeal. Doc. 1, pp. 3–4. Joseph contends that he has adequate justification for filing a successive *habeas corpus* petition because "new facts have arisen since the filing of a prior application when he gained access to . . . information that a warrant supported by affidavit of probable cause charging Relator with attempted rape on 12/20/1982 was never filed . . . which conclusively prove that Relator's arrest was illegal." Doc. 1, att. 1. p. 4. He states that he did not receive this information until a public records request was granted on March 5, 2014. Doc. 1, att. 2, p. 12. The information that Joseph alleges is material follows:

> I Gerald W. Harrington, Allen Parish Clerk of Court, find no attempted rape charge filed in the 33rd Judicial District Court, regarding Joe Joseph, I searched the indexes from December 2nd, 1982 through 1984 therefore, there would be no warrant filed in the Allen Parish Clerk of Court's office regarding attempted rape.

*Id.*

## II.
### LAW AND ANALYSIS

The Fifth Circuit holds that "an application filed after a previous application was fully adjudicated on the merits is a second or successive application within the meaning of 28 U.S.C. § 2244(b), even if it contains claims never before raised." *Graham v. Johnson*, 168 F.3d 762, 773 n. 7 (5th Cir. 1999). Thus the focus of the inquiry is whether the petitioner received an adjudication on the merits of his claims in the prior petition.

Joseph filed a prior petition for *habeas corpus* pursuant to § 2254 on December 30, 2004. On May 16, 2005, judgment was entered dismissing the petition. Although the AEDPA does not set forth what constitutes a "second or successive" application, the Fifth Circuit has long held that "a later petition is successive when it: (1) raises a claim challenging the petitioner's conviction or

sentence that was or could have been raised in an earlier petition; or (2) otherwise constitutes an abuse of the writ." *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998). Despite his claims otherwise, Joseph's claims herein were either raised in his previous petition or could have been. Specifically, his allegations regarding the warrant (or lack thereof) were discussed at length in his prior § 2254 petition. *See Joseph*, 2:04-2612, doc. 1, pp. 11–41. Thus the claims raised herein could have been raised in Joseph's previous petition, rendering the one before us second and successive.

Further, although a dismissal based upon the statute of limitations does not include an examination of the merits of the underlying substantive claims presented in the petition, such a dismissal is considered an adjudication of the merits for purposes of determining whether a subsequent petition is successive under the AEDPA. *See Mathis v. Laird*, 457 F.2d 926, 927 (5th Cir. 1972) ("A ruling based on the statute of limitations is a decision on the merits for res judicata purposes."); *In re Flowers*, 595 F.3d 204, 205 (5th Cir. 2009) (*per curiam*).

Therefore, before this petition may be considered by this court, Joseph is required to obtain authorization to file this second or successive petition from the Fifth Circuit in accordance with 28 U.S.C. § 2244(b)(3)(A). *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000). Joseph has not received this authorization. Some district courts have transferred second or successive *habeas* petitions to the Fifth Circuit for authorization. *See In Re Epps*, 127 F.3d 364 (5th Cir. 1997). However, a transfer is not mandatory and district court may instead dispose of a petition lacking authorization through dismissal. *United States v. Fulton*, 780 F.3d 683, 686 (5th Cir. 2015) (*citing Key*, 205 F.3d at 774).

### III.
#### CONCLUSION

The undersigned concludes that the appropriate action for this court to take is to dismiss this action due to Joseph's failure to obtain proper authorization from the United States Fifth Circuit Court of Appeals. Accordingly,

**IT IS RECOMMENDED** that the instant action be **DISMISSED WITHOUT PREJUDICE** because the instant petition constitutes a second or successive *habeas* petition within the meaning of 28 U.S.C. § 2244(b) filed without prior authorization of the United States Fifth Circuit Court of Appeals.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from**

service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED in Chambers this 13th day of May, 2016.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE